UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EAGLE MARINE INDUSTRIES, INC, <br><br> Plaintiff, <br><br> v. <br><br> CONAGRA FOODS, INC., et al., <br><br> Defendants. | Case No. 06-cv-515-JPG |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court on defendants' motion to stay (Doc. 11). Plaintiff has responded to the motion (Doc. 12) and defendants have replied (Doc. 16). Defendants have also moved for the Court to hear oral arguments on their motion (Doc. 26). For the following reasons, defendants' motion to stay will be **GRANTED IN PART AND DENIED IN PART**.

**BACKGROUND**

Eagle Marine Industries, Inc. (Eagle Marine) filed this action against Conagra Foods Inc. (Conagra Foods) and Conagra International Fertilizer Company, Inc. (Conagra International) (sometimes collectively referred to as Conagra) on June 30, 2006. Eagle Marine leases certain property to Conagra Foods and Conagra International on the Mississippi River in Sauget, Illinois (the premises). Under the terms of its lease, Conagra Foods is obligated to defend, indemnify and hold Eagle Marine harmless in any legal proceeding resulting from an injury on the premises. Eagle Marine claims Conagra Foods is in default under the lease because it has refused to fulfill this obligation in a lawsuit in St. Clair County, Illinois arising from the death of Chadwick Blackwell, who suffered a life-ending injury on the premises in 2004. Eagle Marine also claims Conagra Foods is in default under the lease for various instances of negligence that gave rise to

Blackwell's death and for several reasons unrelated to Mr. Blackwell's suit. It also claims that Conagra International is in default under its lease. Based on this conduct, Eagle Marine has set forth the following seven claims for relief in its complaint: Breach of Contract (Conagra Foods), Declaratory Judgment (Conagra Foods), Forcible Entry and Detainer (Conagra Foods), Breach of Contract (Conagra International), Declaratory Judgment (Conagra International), Forcible Entry and Detainer (Conagra International) and Trespass (Conagra International).

Conagra requests a stay of these proceedings pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-21 (1976), in light of Mr. Blackwell's case. As Eagle Marine filed a third-party complaint in that case (before it filed the instant action) seeking indemnification and contribution, Conagra believes the Court should stay these proceedings in the interest of judicial economy. Conagra Foods claims it has no obligation to indemnify or defend Eagle Marine in Mr. Blackwell's case and has moved to dismiss the third-party complaint for that reason. That motion is fully briefed and the parties await a ruling from the state court.

## ANALYSIS

I.  **Abstention**

In ruling on a request to abstain under *Colorado River*, a federal court must be mindful of its "virtually unflagging obligation" to exercise the jurisdiction given it. *Tyrer v. City of Beloit, Ill.*, 456 F.3d 744, 750-51 (7th Cir. 2006) (internal quotation marks omitted). Because of this obligation, a court should only abstain when presented with the "clearest of justifications." *AAR Intern., Inc. v. Nimelias Enter. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001) (citation omitted). In most cases, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River*, 424 U.S. at 817 (internal

quotations omitted).  Nevertheless, a federal court *may* stay an action in favor of concurrent state proceedings when it would promote "wise judicial administration." *AXA Corp. Solutions v. Underwriters Reins. Corp.*, 347 F.3d 272, 278 (7th Cir. 2003) (internal quotations omitted).

    A.    ***Brillhart* Abstention**

Before proceeding further, the Court notes that this case presents a more complicated procedural question than the parties acknowledged in their briefs.  The complication arises from Eagle Marine's coupling of its requests for declaratory relief with related and unrelated claims for monetary and injunctive relief.  Normally, when a federal court is asked to stay a declaratory judgment action in favor of parallel state court proceedings, it should proceed under the discretionary standard set forth in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942), not *Colorado River's* exceptional circumstances test.  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *Sta-Rite Ind., Inc. v. Allstate Ins. Co.*, 96 F.3d 281, 287 (7th Cir. 1996).  Neither party has addressed *Brillhart* or how it should apply in this case.  Nevertheless, as the Courts of Appeals often engage in claim-specific abstention (*i.e.*, abstention from some, but not all claims in an action), it is reasonable to apply different abstention doctrines to separate claims in the same case.  *See Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995); *Addiction Specialists, Inc. v. Township of Hampton*, 411 F.3d 399, 414-15 (3d Cir. 2005); *Redner v. Citrus County, Fla.*, 919 F.2d 646, 651-52 (11th Cir. 1990); *see also Majors v. Engelbrecht*, 149 F.3d 709 (7th Cir. 1998).  Accordingly, the Court will apply the principles set forth in *Brillhart* and its progeny to Eagle Marine's requests for declaratory relief.

The standard set forth in *Brillhart* is less onerous than that under *Colorado River* because of the permissive nature of the Declaratory Judgment Act.  Under 28 U.S.C. § 2201, a district court "may declare the rights and other legal relations" of the parties to a declaratory judgment

3

action, but by its terms, a district court is not required to do so. *Brillhart*, 316 U.S. at 494. As stated in *Brillhart*, "it [is] uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." 316 U.S. at 495. As such, "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Id*. Whether such avoidance is appropriate depends upon "whether the questions in controversy between the parties to the federal suit, which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Id*. A court should look into the scope of the proceedings in state court, the nature of the defenses open to the defendant there and whether the claims of all parties can be adjudicated satisfactorily in that proceeding. *Id*.

In exercising its discretion under *Brillhart*, the Seventh Circuit also requires courts to consider

> whether the declaratory suit presents a question distinct from the issues raised in the state court proceeding, whether the parties to the two actions are identical, whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, and whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time.

*Zavalis*, 52 F.3d at 692.

In *Nationwide Ins. v. Zavalis*, the University of Illinois filed suit in state court against several students who set fire to the Astroturf in its football stadium, Astroturf Industries, Inc. and an insurance company that issued a performance and warranty bond as to, among other things, the flammability of the Astroturf. *Id*. at 690. Nationwide Insurance, one student's insurance company, subsequently filed a declaratory judgment action in federal court seeking a declaration

that it had no duty to defend or indemnify the student under its policy, which contained an exclusion for intentional property damage. *Id*. In addressing whether the district court's decision to abstain was appropriate, the court began by noting that the issues in the two cases were distinct; Nationwide was not a party to the state court action and, as such, its duty to defend and indemnify the student was not at issue there. *Id*. at 693. The court noted, however, that to the extent the student's entitlement to a defense and indemnity depended on the nature of his conduct, the declaratory action might present factual questions that the state court had already been asked to decide. *Id*. The Court upheld the trial court's decision to abstain from the indemnity issue because it turned on the conduct underlying the state action. Under those circumstances, the "nature of the students' actions [was] a question properly left, in the first instance, to the court deciding the underlying suit." *Id*. at 693. By contrast, it held that the district court should not have abstained from hearing the duty to defend issue because the student's entitlement to a defense could be determined from the face of the complaint. *Id*. *Zavalis* necessarily informs the Court's decision here.

In Count II, Eagle Marine seeks a judgment declaring that the lease required Conagra Foods to defend, hold harmless and indemnify it in Mr. Blackwell's action, Conagra Foods is in default for this and the other reasons mentioned above, Conagra Foods has failed to cure its defaults and Eagle Marine is entitled to terminate the lease and retake possession of the premises. In Count V, Eagle Marine seeks a judgment declaring that various actions alleged in the complaint have put Conagra International in default, Conagra International has failed to cure the defaults, and Eagle Marine has the immediate right to terminate its lease with Conagra International and retake the premises.

    **i.**    **Declaratory Judgment as to Conagra Foods**

In its third-party complaint, Eagle Marine made claims for contribution and indemnification. There, the same parties (Eagle Marine and Conagra Foods) are litigating the same issue (indemnification) – one clearly governed by Illinois law. Moreover, though Mr. Blackwell's case is only a few months senior to the instant action, the parties have completely briefed the legal sufficiency of the indemnification claim in the state action and are awaiting a ruling. If this Court were to entertain this issue, several things could happen. The state court could grant the motion to dismiss before this Court makes a dispositive ruling, and that ruling would be *res judicata* here. *Rogers v. Desiderio*, 58 F.3d 299, 300 (7th Cir. 1995). If the state court denies the motion, then the issue's resolution would necessarily depend on the facts of the case. In the latter instance, then, two courts would be hearing the same evidence on the same issue – undoubtedly a waste of both the parties' and the judicial systems' resources. To the extent the resolution of the indemnification issue depends on the facts of the case, as *Zavalis* suggests, it makes sense to leave the resolution of that issue to the state court, as that court must necessarily address the facts underlying Mr. Blackwell's death anyway in deciding his family's claims of negligence against Eagle Marine. *See* 52 F.3d at 692. Allowing the litigation of the indemnification issue here will serve no useful or clarifying purpose. Doing so would necessarily condone Eagle Marine's attempt to litigate the issue in a piecemeal fashion and allow for the possibility of inconsistent verdicts. *See Day v. Union Mines Inc.*, 862 F.2d 652, 659 (7th Cir. 1998).

Eagle Marine's blatant claim splitting is another factor counseling in favor of the requested stay. Though it attempts to obfuscate the issue by focusing on the broader scope of the issues in both cases, Eagle Marine has used the same incident (or set of facts) to support, at least partially, four separate claims for relief spread across two cases (indemnification in Mr.

Blackwell's case, declaratory judgment, breach of contract, and unlawful detainer here). This is textbook claim splitting. *See* BLACK'S LAW DICTIONARY 1437 (8th ed. 2004) (defining splitting a cause of action as "[s]eparating parts of a demand and pursuing it piecemeal; presenting only a part of a claim in on lawsuit, leaving the rest for a second suit; and describing the practice as "procedurally impermissible."). The Seventh Circuit has strongly condemned the practice as bad for both the parties and the system. *Rogers,* 58 F.3d at 300. Courts discourage the splitting of claims by awarding "plaintiffs not the better outcome but the first outcome: whichever suit goes to judgment first is dispositive, and the doctrine of claim preclusion (*res judicata*) requires the other court to dismiss the litigation." *Id*. Beyond this, a party who splits a claim by proceeding in two cases simultaneously provides "a strong reason for a stay." *Id*. at 302. For all these reasons, the Court will stay Eagle Marine's request for a judgment declaring its right to be indemnified.

This determination necessarily applies to so much of the rest of the requested declaration as depends on Eagle Marine's entitlement to indemnification. The indemnification issue is relevant to both its requested declaration of default and requested declaration of its entitlement to retake possession of the premises. As it has done for all of its claims in this case, Eagle Marine has alleged a broad array of conduct supporting Conagra Foods' alleged defaults: Conagra Foods' failure to indemnify, hold harmless and defend, its alleged negligence relating to Mr. Blackwell's working conditions, and numerous misdeeds unrelated to Mr. Blackwell's suit. A determination as to the alleged negligent actions related to Mr. Blackwell's death presents problems similar to indemnification. The state court will necessarily decide these issues in determining Eagle Marine's liability for Mr. Blackwell's death. If this Court were to proceed as well, duplication of efforts would again become a problem.

The only issue that is entirely separate from those presented in Mr. Blackwell's case is that regarding Conagra Foods' duty to defend. *See Zavalis*, 52 F.3d at 693. As this issue can presumably be decided on the face of the complaint, and does not require much, if any, duplication of efforts, the Court sees no reason why it should stay the declaratory judgment claim with respect to that issue. Accordingly, it will not stay the requested declaratory relief as to that issue; all other issues in the declaratory judgment count against Conagra Foods are stayed.

### ii.     Declaratory Relief as to Conagra International

Eagle Marine requests a declaration that Conagra International is in default under its lease for its failure to obtain building permits for construction improvements, for constructing new railroad trackage inappropriately, removing guarding around an EPA groundwater well and other similar activities. The parties have presented no information to the Court suggesting that such issues relate in any meaningful way to Mr. Blackwell's action. It is clear, after applying *Brillhart* and its progeny to Eagle Marine's requested declaratory judgment with respect to Conagra International, that a stay is inappropriate. The Court's concerns respecting piecemeal litigation, inconsistent verdicts, claim splitting and the like are not present here. For these reasons, the Court is without a principled basis for exercising its discretion and refusing to hear this claim. The Court therefore denies Conagra's request to stay this claim.

### B.     *Colorado River* Abstention

The remaining claims in this action are subject to the principles set forth in *Colorado River*. To determine whether *Colorado River* abstention is appropriate, the Court must undertake a two-step inquiry. First, it must determine whether the competing actions are parallel. *Tyrer v. City of South Beloit, Il.*, 456 F.3d 744, 751 (7th Cir. 2006). If they are, the Court must consider a number of factors that might demonstrate the existence of exceptional circumstances militating in

favor of abstention. *Id*.

### i. Parallelism

Two suits are parallel if "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *AXA Corp. Solutions*, 347 F.3d at 278. To be parallel, "formal symmetry" between the cases is not required; two actions can be parallel when the issues are the same, even if they have been "repackaged under different causes of action." *Tyrer*, 456 F.3d at 752, 753. In making the parallelism determination, it is often helpful to look at the evidence necessary to decide the issues in the case. *Id*. at 752-53. One thing is clear: additional claims and addition of parties do not bar, by themselves, the application of *Colorado River*. *Eg. id*. at 753 n.9. The issue for decision here is to what extent the addition of claims and parties in one suit makes that suit not parallel with a second action, when a significant issue in both cases is identical.

Eagle Marine and Conagra Foods are clearly litigating the applicability of the indemnification provision in both actions. The relevant facts, issues and evidence, with respect to that issue, are the same. The nature of the relief sought in the two actions is, however, markedly different. In Mr. Blackwell's action, Eagle Marine only seeks indemnification or contribution from Conagra Foods should the jury find it liable. It has prayed for declaratory relief, damages for breach of contract, and forcible entry and detainer against Conagra Foods. As to Conagra International, it has prayed for declaratory relief, damages for breach of contract, damages for trespass and forcible entry and detainer. There is simply no disputing that these claims against Conagra International are distinct (at least factually) from those at issue in Mr. Blackwell's case. Whether or not indemnification is the primary litigation interest of the parties, the ouster of Conagra International for reasons unrelated to Mr. Blackwell's action (through perhaps not

strategically) is significant. The same is necessarily true for Conagra Foods. Though the varying forms of relief sought for the same wrong are entitled to little or no consideration, *see Radosta v. Chrysler Corp.*, 443 N.E.2d 670, 673 (Ill. Ct. App. 1st Dist. 1982), that Eagle Marine *might* be entitled to such relief for conduct entirely unrelated to that specific wrong is significant.

On the record before it, the Court cannot say whether Eagle Marine is attempting to game the system by attaching enough window-dressing here to insulate its primary litigation interest. That it has split its claims suggests that it is, and counsels in favor of a stay. *Rogers,* 58 F.3d at 302. That it has done so, however, does not necessarily make the two actions parallel. The critical question is still whether the state action will dispose of all claims raised in the federal action, *AAR*, 250 F.3d at 517, and the simple answer to this question here is no.

Conagra contends that this suit is merely reactive. It sees Eagle Marine's additional claims for breach of contract, unlawful detainer and trespass as obfuscatory only. It supports this contention by noting the prior positive business relationship among the parties. Over the course of their business relationship, Conagra and Eagle Marine have never been forced to litigate a business dispute. Conagra also suggests that the other alleged circumstances of default, breaches and the issue of trespass are *de minimus*, and that those claims are barred by equitable defenses such as laches. For its part, Eagle Marine focuses on the broader scope of both cases, the nature of the remedies sought, the grounds for those remedies, the addition of Conagra International here and the absence of other parties from the Blackwell suit (Donna Blackwell as adminstratrix of Chadwick Blackwell's estate and Eagle Fabrication LLC).

As it stands now, the state court will not be called to decide the issues of trespass, forcible entry and detainer or breach. Though Conagra downplays the significance of these issues, surely, whether this Court relieves it of possession of the premises is no triviality. Even if one supposes

that the state court will find no duty to indemnify on the part of Conagra, such a ruling would not foreclose much of the relief Eagle Marine seeks here. Whether Conagra Foods' other activities put it in default under the lease, whether Eagle Marine is entitled to damages and possession of the premises as a result, and whether Conagra International is liable would still be open questions.

Despite all of this, the Court is mindful of Conagra's concerns, which are certainly not chimeric. The *Colorado River* doctrine has no force if the addition of parties and claims defeats it. The Seventh Circuit has repeatedly noted that "[j]ust as the parallel nature of [] actions cannot be destroyed by simply tacking on a few more defendants, neither can it be dispelled by repackaging the same issue under different causes of action." *Clark v. Lacy*, 376 F.3d 682, 686-87 (7th Cir. 2004). That said, it must be remembered that the driving force behind the doctrine is "wise judicial administration." When this forms the lens through which a Court conducts the parallelism inquiry, it becomes clear that the more the additional claims depend on different evidence and the more the additional parties have differing interests, the less a stay will facilitate *Colorado River's* purpose. This is why the dispositive effect of the state court judgment is the primary focus of the parallelism inquiry. This notion finds strong support in the case law, where a more precise rule – that considers both the gaming aspects open under *Colorado River* and its purpose – has emerged: two actions are parallel under *Colorado River*, even when different parties are litigating different issues, when the parties have nearly identical litigation interests and the issues are inextricably interlinked. *Tyrer*, 456 F.3d at 750-53; *Clark*, 376 F.3d at 686.

A good illustration of this principle is found in *Tyrer v. City of South Beloit*. In that case, Tyrer filed an action against the City in state court, alleging that its cease and desist order relating to his home remodeling project deprived him of his property interest without due process of law. *Tyrer*, 456 F.3d at 748. Four years later, after the City demolished the subject property, Tyrer

brought an action in federal court, claiming that the City's demolition of his home was illegal and violated his Fifth and Fourteenth Amendment due process rights. *Id*. at 750. The Seventh Circuit found the two actions parallel despite the existence of additional parties and issues in the state action. Though Tyrer's due process claims in the state court concerned the City's pre-demolition activities and did not explicitly challenge the constitutionality of the demolition, they *encompassed* all events after he halted construction, and therefore included the City's authorization of the demolition. *Id*. at 753. As such, both his pre-demolition and post-demolition claims put in issue the process given Tyrer by the City prior to both the demolition and the cease and desist order. *Id*. The two actions were thus "inextricably interlinked." *Id*. The adequacy of the process given was an essential consideration (*i.e.*, potentially dispositive) in both actions, so the actions were parallel. *Id*.

Upon inspection, *Tyrer* is clearly distinguishable from the case at bar. Though the indemnification claim here and in Mr. Blackwell's case are most certainly inextricably interlinked, Eagle Marine's additional grounds for relief are not. Potentially at least, this Court could grant much of the relief requested without regard to the state court's determination on the indemnification issue, depending on the proof. Thus, *Tyrer* has no application to the immediate issue here, whether Eagle Marine's additional grounds for the relief it requests are contrived *and* unsupportable. It is apparent that Eagle Marine has split its claims and, for whatever reason, felt it necessary to ask two courts to decide the same issue. It has, however, swaddled the indemnification issue with several others within distinct claims that, at least at this stage, do not appear frivolous. The Court is concerned about something else as well; namely, Eagle Marine's requests to be put in possession of the premises. Along with its other claims, there is a real possibility that the Court will be called to decide all these claims after Mr. Blackwell's case is

12

concluded. This delay is acutely troublesome on the possession issue. It is certainly possible that Eagle Marine would be entitled to all the non-declaratory relief requested without regard to the indemnification issue. As Mr. Blackwell's case will not dispose of these claims, the claims in the two cases are not inextricably interlinked. Though the question is close, Conagra has failed to present this Court with sufficient justification for staying these claims in light of the Court's exceedingly strong obligation to hear cases over which it has jurisdiction. As these cases are not parallel, the Court need not determine whether this case presents exceptional circumstances.

## CONCLUSION

Defendants' motion to stay (Doc. 11) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The Court **STAYS** Eagle Marine's request for a declaratory judgment against Conagra Foods except as to the issue of Conagra Foods' obligation to provide Eagle Marine a defense in Mr. Blackwell's suit; and

2. The court **DECLINES TO STAY** the remaining claims in this matter.

This order makes defendants' request for oral argument (Doc. 26) **MOOT**.

**IT IS SO ORDERED.**

DATED: November 9, 2006

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**