UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EAGLE MARINE INDUSTRIES, INC, <br><br> Plaintiff, <br><br> v. <br><br> CONAGRA FOODS, INC., et al., <br><br> Defendants. | Case No. 06-cv-515-JPG |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court on defendant Conagra Foods, Inc.'s (Conagra) motion for clarification and reconsideration of order granting in part and denying in part defendants' motion to stay proceedings (Doc. 28), to which Eagle Marine Industries, Inc. (Eagle Marine) has responded (Doc. 32), and Conagra replied (Doc. 33). For the following reasons, Conagra's motion will be **DENIED**.

**BACKGROUND**

In an Order issued November 11, 2006, this Court granted in part and denied in part Conagra and Conagra International Fertilizer Company, Inc.'s motion to stay these proceedings. (Doc. 27). Conagra[1] urges reconsideration based on a perceived internal inconsistency in the Order: the Court's decision to stay the lion's share of Eagle Marine's request for a declaratory judgment but refusal to stay Eagle Marine's remaining claims. As Conagra sees it, the concerns that animated this Court's decision to stay the request for declaratory judgment – waste of

---

[1] Conagra does not challenge the Court's findings with regard to Conagra International in its motion for reconsideration.

resources, Eagle Marine's decision to proceed in a piecemeal fashion, inconsistent verdicts, among others – were equally applicable to Counts I and III and thus that the Order, in effect, did nothing to alleviate them. It contends the Court failed to engage in a claim-specific analysis of these claims and impermissibly relied on Eagle Marine's claims against Conagra International in determining whether to abstain from hearing its claims against Conagra. Eagle Marine rejects these contentions and attributes the different outcomes to the different standards under *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942) and *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-21 (1976), respectively.

## ANALYSIS

Reconsideration of a court's ruling is not expressly authorized by the Federal Rules of Civil Procedure. Nevertheless, courts have recognized that occasionally they misunderstand the parties and make errors of fact or of law. As such, courts will entertain these motions when necessary to correct a manifest error of law or fact or to consider newly discovered evidence. *See Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).

The Court declined to stay Counts I and III of the complaint because it found that they were not parallel to proceedings currently under way in state court. *See Tryer v. City of South Beloit, Il.*, 456 F.3d 744, 751 (7th Cir. 2006). It did not rely on Eagle Marine's claims against Conagra International in determining whether Counts I and III should be stayed. Though some language in the Order might indicate as much, such was not the Court's intention.

Eagle Marine used Conagra's failure to indemnify it for the death of Chadwick Blackwell, who died on property Eagle Marine leases to Conagra, as *a* basis for all its claims against Conagra. It was, however, just one of several bases for Eagle Marine's claims for breach of contract (Count I) and forcible entry and detainer (Count III). The Court's decisive

determination in its November 11 Order was that, "Eagle Marine *might* be entitled to [the relief requested in Counts I and III] for conduct entirely unrelated to" the indemnification provision. (Doc. 27 at 10). This necessarily meant that Mr. Blackwell's suit would not dispose of Counts I and III, *see AAR Intern., Inc. v. Nimelias Enter. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001), and that the issues in these Counts were not inextricably interlinked with those in Mr. Blackwell's case. *Tyrer*, 456 F.3d at 750-53; *Clark v. Lacy*, 376 F.3d 682, 686-87 (7th Cir. 2004). Thus, based on its finding that the claims were not parallel, the Court declined to stay Counts I and III.

Conagra claims that Eagle Marine's claim-splitting, ipso facto, mandates a stay under what it terms the "*Rogers* doctrine." *See Rogers v. Desiderio*, 58 F.3d 299, 300 (7th Cir. 1995). In *Rogers*, a school district and several of its residents brought two suits, one in state and one in federal court, after residents of one area within the district voted to move their neighborhood to the territory of another district. *Id*. The state court ruled against the plaintiffs on the merits and the district court abstained (mistakenly) pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). The plaintiffs appealed both decisions. On appeal to the Seventh Circuit, the plaintiffs claimed the state rules for administrative review (which confined the state court to the record before the Illinois agency) justified a second suit (the federal action) where they would be able to compile a new record. *Id*. at 301. The Seventh Circuit determined that the district court should have analyzed the case before it under the rules for claim-splitting rather than *Younger*.

The court began its discussion by expressing its disdain for the practice of claim-splitting. It noted that courts discourage the practice by "award[ing] the plaintiffs not the better outcome but the first outcome: whichever suit goes to judgment first is dispositive, and the doctrine of claim preclusion (res judicata) requires the other court to dismiss the litigation." *Id*. at 300. This should have been the end of the matter, but plaintiffs' appeal of the state court judgment

3

muddied the waters, as the preclusive effect of an appealed judgment was not clear at that time in Illinois. *Id*. at 302. Under the circumstances, the court determined a stay was the appropriate course of action. It went on to say the following:

> A federal judge confronted with duplicative litigation need not barge ahead on the off-chance of beating the state court to a conclusion. It is sensible to stay proceedings until an earlier-filed state case has reached a conclusion, and then (but only then) to dismiss the suit outright on grounds of claim preclusion. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817-21,(1976); *LaDuke v. Burlington Northern R.R.,* 879 F.2d 1556 (7th Cir.1989). *See also Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 16, 25-26 (1983); *Gonzalez v. Cruz*, 926 F.2d 1 (1st Cir.1991); *Interstate Material Corp. v. Chicago*, 847 F.2d 1285 (7th Cir.1988); *Telesco v. Telesco Fuel & Masons' Materials, Inc.*, 765 F.2d 356 (2d Cir.1985). *Cf. Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) (discussing discretionary stays in declaratory judgment actions). A stay requires a good justification; here, although plaintiffs' state and federal suits got underway contemporaneously, the state suit pulled far ahead while the parties debated *Younger* in the district court. Plaintiffs themselves, by choosing to file two suits, supplied strong reason for a stay. There is no excuse for trying to decide the merits immediately-but also no reason (yet) to dismiss the suit, because, if the state case should break down in a way that avoids the preclusive effect of the judgment, plaintiffs would be entitled to a decision on the merits from the federal court.

*Id*. (parallel citations to decisions of the Supreme Court of the United States omitted). This is the language from which Conagra crafts the *Rogers* doctrine.

A careful analysis of the passage above demonstrates the weakness of Conagra's argument. First, the Seventh Circuit essentially qualified its rather broad generalization by citing *Colorado River*. Abstention under *Colorado River* is only appropriate if two cases are parallel *and* exceptional circumstances justify a departure from a court's "virtually unflagging obligation" to exercise the jurisdiction given it. *Tyrer*, 456 F.3d at 750-51. According to Conagra, *Rogers* stands for the proposition that claim-splitting, by itself, justifies abstention. That the Seventh Circuit would collapse the two-pronged inquiry under *Colorado River* into one, while citing its own decisions recognizing the two-pronged nature of the inquiry, *LaDuke*, 879

F.2d at 1559 ("Before the *Colorado River* doctrine can be applied, the district court must first determine whether concurrent state and federal actions are actually parallel"), is a bitter pill to swallow.  This is especially so, given that it currently operates under the two-pronged framework. *See Tyrer*, 456 F.3d at 751.  Moreover, the Court has not found a decision where the Seventh Circuit has read *Rogers* as Conagra does.  *Rogers* is most often cited for the Seventh Circuit's disapproval of claim-splitting and claim-preclusive effect of the first decision when a party splits claims.  *See, e.g., McGuire v. City of Springfield, Ill.*, 280 F.3d 794, 797 (7th Cir. 2002) (citing *Rogers* for the proposition that claim-splitting exposes plaintiffs to the defense of claim preclusion); *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 838 (7th Cir. 1999) (same).  Conagra has not cited an interpretation of *Rogers* by *any* court that comports with its own.

By allowing this case to proceed, the Court was not "barg[ing] ahead on the off-chance of beating the state court to a conclusion," it was barging ahead, despite its misgivings, because it will still be called to decide the non-declaratory claims, including the breach of contract and forcible entry and detainer claims, regardless of the outcome in state court. This conclusion and its "virtually unflagging obligation" to exercise the jurisdiction given it, *Tryer*, 456 F.3d at 750-51, led the Court to conclude that a stay of Counts I and III was not appropriate.  Conagra's policy arguments would be persuasive in the extraordinary circumstances analysis, but they do not affect the determination on the parallelism inquiry.  Though the Court admits that the parallelism question (especially on Counts I and III) was very close, Conagra has failed to demonstrate that the Court's conclusion on that point was manifestly incorrect.

## **CONCLUSION**

Conagra's motion for reconsideration (Doc. 28) is **DENIED**.

**IT IS SO ORDERED**

**DATED: December 14, 2006**

                                                 s/ J. Phil Gilbert
                                                 **J. PHIL GILBERT**
                                                 **DISTRICT JUDGE**